## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

MARLON WRIGHT,                              :

      Plaintiff,                              :

vs.                                         :          CIVIL ACTION NO.: CV504-088

TODD THOMAS, Warden; DONALD                 :
BARNES, Assistant Warden; DWIGHT            :
BRAMLITT, Facilities Investigator, and      :
Lt. TIM SWEAT,                              :

      Defendants.                             :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Dooley State Prison in Unadilla, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement while incarcerated at Coffee Correctional Facility, in Nicholls, Georgia. Plaintiff alleges that Defendants Thomas, Barnes, Bramlitt, and Sweat ("Defendants") deprived him of his due process rights during prison disciplinary hearings. Defendants filed a Motion for Summary Judgment (Doc. No. 27), and Plaintiff has filed a Response. Defendants' Motion for Summary Judgment should be **GRANTED.**

### STATEMENT OF CASE

During his incarceration at Coffee Correctional Facility, Plaintiff avers that Defendants deprived him of his Fourteenth Amendment Right to Due Process at three disciplinary hearings. Plaintiff asserts that he received three disciplinary reports which resulted in time spent in segregation, store and telephone restrictions, and the extension of his tentative parole month. Plaintiff asserts that Sweat did not follow proper procedures

AO 72A
(Rev. 8/82)

during the hearings on these disciplinary reports.  Plaintiff also contends that Barnes, Thomas, and Bramlitt were aware of these misdeeds, but failed to expunge the inappropriate disciplinary findings from the record.  Plaintiff contends that these actions were unconstitutional and caused an extension of his incarceration.

Defendants generally assert that Plaintiff misrepresents the facts regarding his disciplinary proceedings.  Defendants contend that meaningful hearings and appeals processes were provided to Plaintiff.   Defendants assert that they have not violated Plaintiff's due process rights.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004).  An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party.  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).  The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  Williamson Oil Co.,

AO 72A
(Rev. 8/82)

Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact.  Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)).  When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.  Id.  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party.  Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

"The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'"  Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV).  The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed.2d 148 (1995)).

In Sandin, the United States Supreme Court addressed whether the punishment an inmate received for a disciplinary violation was sufficient to invoke a liberty interest

3

protected by the Due Process Clause. 515 U.S. at 472, 115 S. Ct. at 2293. Following a disciplinary conviction, the inmate received 30 days' disciplinary segregation in a Special Housing Unit. Id. at 475, 115 S. Ct. at 2296. After noting that the segregation was a form of punishment, the Court concluded that it was not a dramatic departure from the conditions of his indeterminate sentence. Id. at 485, 115 S. Ct. at 2301. The Court determined that the conditions of disciplinary segregation at the prison where the inmate was incarcerated were virtually indistinguishable from the conditions of administrative segregation and protective custody. Id. at 486, 115 S. Ct. at 2301. Also, the Court noted that the conditions of disciplinary segregation were not markedly different from the conditions in general population. Id. The Court concluded that the conditions of disciplinary segregation did not impose an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. Thus, the Court determined that the inmate was not entitled to due process protection. Id. at 487, 115 S. Ct. at 2302.

Defendants assert that Plaintiff's due process rights were not violated throughout his disciplinary process. Defendants assert that all procedures outlined by the Georgia Department of Corrections were followed. Defendants contend that a brief period of segregated confinement, as well as other restrictions on telephone, library, and inmate store access, do not exceed the standards outlined in Sandin.

Plaintiff avers that he suffered a recognized deprivation of his due process rights. Plaintiff contends that Defendant Sweat never called Plaintiff's witness and never provided proof that his witness refused to write a statement. Plaintiff contends that he has the right to call a witness and present documentary evidence. Plaintiff alleges that discrepancies in Defendant Sweat's written presentation of his disciplinary report establish that he did not

4

follow Georgia Department of Corrections' Standard Operating Procedure ("SOP") for his hearings.

Defendant Sweat's affidavit indicates that Plaintiff received a disciplinary hearing for each of the three disciplinary reports at issue. (Doc. No. 28, Ex. C.) At his first hearing, Plaintiff refused to make a statement or accept the assistance of an advocate. Id. At the second hearing, Plaintiff refused the assistance of an advocate, but requested an inmate witness who refused to provide a written statement on Plaintiff's behalf. Id. During the third hearing, Plaintiff requested an advocate's assistance, but did not request a witness. Id. Defendant Sweat's affidavit further indicates that he followed procedures as established by the Georgia Department of Corrections. Id. These statements are supported by prison records and documentation discussing Plaintiff's disciplinary reports and pre-hearing procedure. Plaintiff has not presented any evidence to directly refute these contentions and has merely asserted bare allegations regarding the procedures surrounding his hearing and the Defendants' actions.

After each of his hearings, Plaintiff was found guilty and sentenced to varying degrees of punishment, none of which could be considered to violate due process, according to the standards set forth in Sandin. Plaintiff's most severe punishment was fourteen days spent in segregation. (Doc. No. 28, Ex. C, D.) This can hardly be said to be such a severe change in Plaintiff's confinement that it essentially exceeds the sentence imposed by the Court. See Sandin, 515 U.S. at 486, 115 S. Ct. at 2301; Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (citing Sandin) (stating and interpreting the two forms of due process violations). Accordingly, there is no genuine issue of material fact regarding alleged due process violations by the Defendants.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Thomas, Barnes, Bramlitt, and Sweat be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this _17th_ day of February, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

6